# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| William Watkins, | Case No. 26-CV-01497 (LMP/DTS) |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| Olympic Steel, properly Olympic Steel Minneapolis, Inc., and | |
| Olympic Steel, properly Olympic Steel, Inc., | |
| Defendants. | |

Defendants Olympic Steel, properly Olympic Steel Minneapolis, Inc., and Olympic Steel, properly Olympic Steel, Inc. (collectively, "Defendants"), submit this Answer in response to the Amended Complaint of Plaintiff William Watkins ("Plaintiff"). Defendants deny each and every allegation, statement, matter, and thing contained in Plaintiff's Amended Complaint except as may be hereinafter specifically admitted. Defendants otherwise state and aver as follows:

1.     As to the information provided in Paragraph 1 of Plaintiff's Amended Complaint under the section heading labeled "PARTIES," Defendants are without information sufficient to admit or deny Plaintiff's current personal residence and as such Defendants deny the same.

2.     As to the information provided in Paragraph 2(a) and 2(b) of Plaintiff's Amended Complaint under the section heading labeled "PARTIES," Defendants deny as alleged. Answering further, Defendant Olympic Steel Minneapolis, Inc. states that it is a

3533982.0003/241691127

Minnesota Corporation with its principal places of business located at 625 Xenium Lane N., Plymouth, MN, 55441 and 13100-15th Avenue, Plymouth, Minnesota 55441. Defendant Olympic Steel, Inc. states that it is an Ohio corporation with its principal place of business located at 5096 Richmond Road, Bedford Heights, OH 44146.

3. As to the information provided in Paragraph 3 of Plaintiff's Amended Complaint under the section heading labeled "JURISDICTION," Defendants admit.

4. As to the information provided in Paragraph 4 of Plaintiff's Amended Complaint under the section heading labeled "JURISDICTION," Defendants deny they committed any unlawful practices and deny that any basis exists for any claim under the enumerated statutes. Answering further, if a basis for any claim did exist, Defendants do not deny that this Court would have jurisdiction over the alleged claims under 28 U.S.C. §1331 and 28 U.S.C. §1367.

5. As to Paragraph 5 of Plaintiff's Amended Complaint under the section heading labeled "JURISDICTION," no information appears to have been provided or alleged by Plaintiff and therefore no response is required.

6. As to the information provided in Paragraph 6 of Plaintiff's Amended Complaint under the section heading labeled "JURISDICTION," Defendants deny they committed any unlawful practices and deny that any basis for any claim exists. Answering further, if a basis for any claim did exist, Defendants do not dispute that venue in the United States District Court for the District of Minnesota is proper.

7. As to the facts alleged in Paragraph 7 of Plaintiff's Amended Complaint under the section heading labeled "STATEMENT OF THE CLAIM" and "FACTS,"

3533982.0003/241691127

Defendants answer as follows:

    a) Defendants deny the allegations in Paragraph 7(1).

    b) Defendants deny the allegations in Paragraph 7(2).

    c) Defendants deny the allegations in Paragraph 7(3).

    d) Defendants deny the allegations in Paragraph 7(4).

8.    As to Plaintiff's "REQUEST FOR RELIEF," Defendants deny Plaintiff is entitled to any relief demanded in ¶¶ 1-2 of that section of Plaintiff's Amended Complaint.

9.    Defendants deny each and every allegation, statement, matter, and thing contained in Plaintiff's Amended Complaint except as specifically admitted.

## AFFIRMATIVE DEFENSES

1.    The Amended Complaint fails to state a claim upon which damages or other legal relief, including any equitable relief, can be awarded.

2.    Plaintiff's claims are barred to the extent they fail to state a cognizable claim for relief or cause of action under federal or Minnesota law.

3.    Plaintiff's claims are barred to the extent Plaintiff is not disabled nor associated with a person or group of persons who are disabled.

4.    Plaintiff's claims are barred in whole or in part to the extent that Defendants reasonably accommodated any and all work restrictions of the Plaintiff during his employment.

5.    Plaintiff's Title VII claims are barred, in whole or in part, by his failure to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") prior to commencing this action, as required by 42 U.S.C. § 2000e-

3

5, and thereby failed to exhaust the administrative remedies that are a prerequisite to maintaining this suit.

6.      Plaintiff's claims are barred, in whole or in part, to the extent asserted outside the applicable statute of limitations period(s).

7.      Plaintiff's claims are barred, in whole or in part, by his failure to exhaust mandatory contractual grievance and arbitration procedures.

8.      Plaintiff's claims are barred and/or preempted, in whole or in part, by the Labor Management Relations Act.

9.      Plaintiff's claims are barred and/or preempted to the extent they require interpretation and application of an applicable collective bargaining agreement.

10.      Plaintiff's claims are barred to the extent Defendants did not engage in any act which is unlawful under Minnesota or federal law.

11.      Plaintiff's claims are barred to the extent Defendants did not engage in any adverse employment action against Plaintiff.

12.      Defendants' actions were at all times based on legitimate, non-discriminatory, non-retaliatory business reasons.

13.      Defendants acted in good faith, and with justification at all times herein.

14.      Plaintiff's alleged injuries and damages were caused or contributed to, in whole or in part, by actions of Plaintiff and his damages, if any, must be reduced in accordance with law.

15.      Plaintiff's claims may be barred, in whole or in part, due to his failure to take reasonable steps to mitigate his alleged damages.

4

16.     Plaintiff's claims may be barred, in whole or in part, to the extent his damages were caused by his own contributory or sole fault.

17.     Plaintiff's claims are barred, in whole or in part, to the extent they concern allegations outside the statute of limitations.

18.     Plaintiff's claims may be barred, in whole or in part, because he is not entitled to damages he may have sustained to the extent said damages were caused by events other than those alleged in Plaintiff's Amended Complaint.

19.     Plaintiff's claims are barred, in whole or in part, to the extent barred by the doctrines of consent, waiver, arbitration, abandonment, laches, set off, ratification, accord and satisfaction, preemption, estoppel or other equitable defenses.

20.     Plaintiff's claims may be barred, in whole or in part, by the doctrine of spoliation.

21.     To the extent Defendants discover Plaintiff engaged in any conduct that would warrant termination from Defendants, Plaintiff's right to recover his alleged damages is beyond the date of that conduct is barred and cut.

22.     Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by the Federal Rules of Civil Procedure.

23.     To the extent to which Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically set forth above cannot be determined by Defendants until Defendants have had the opportunity to conduct discovery.  Defendants, therefore, incorporate all such affirmative defenses as if fully set forth herein.  Defendants expressly

5

reserve the right to assert additional defenses as Plaintiff's claims are clarified in the course of this proceeding.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendants pray for the following relief:

1.      Plaintiff's claims against them be dismissed with prejudice;

2.      Any and all of Plaintiff's demands and prayers for relief be denied and dismissed with prejudice;

3.      Defendants be awarded their costs and disbursements, including attorneys' fees and costs; and

4.      The Court grant such other and further relief to Defendants as required under the circumstances or as the Court deems just and equitable.

3533982.0003/241691127

Dated: April 13, 2026

/s/ *Greta Bauer Reyes*
Greta Bauer Reyes (#0391100)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN  55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657
greta.reyes@stinson.com

Robert A. Zimmerman* (Ohio #0055478)
Steven M. Moss* (Ohio #0055997)
BENESCH,  FRIEDLANDER,  COPLAN
& ARONOFF, LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
rzimmerman@beneschlaw.com
smoss@benesnchlaw.com

*Pro hac vice*

**Attorneys for Defendants**

7

3533982.0003/241691127