RECEIVED

APR 2 0 2026

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| |
|---|
| William Watkins,<br><br>    Plaintiff,<br>v.<br>Olympic Steel,<br><br>    Defendant. |

Civil Case No. 26-cv-01497-LMP-DTS

**REQUESTS FOR PRODUCTION**

## CHARGING PARTY WILLIAM WATKINS'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO RESPONDENT OLYMPIC STEEL INC CORP HEADQUARTERS

The Charging Party, WILLIAM WATKINS, by and through undersigned Counsel of record, hereby serves upon you the following Requests for Production of Documents, pursuant to the provisions of Rules 26.02 and 34.01 of the Minnesota Rules of Civil Procedure.

You are required by the Rules to timely produce all designated documents in your possession, custody or control and permit the Charging Party, or someone acting on their behalf, to inspect and copy the documents responsive to this Request. You are requested to produce these documents.

In lieu of the production required above, you may within thirty (30) days of the service of these Requests, produce copies of the documents requested. If such a method is chosen, however, you should for each document so produced, identify which numbered Request to which the document is being supplied in response. If Charging Party seeks to make documents available at its offices, or the office of its Counsel, rather than producing them as indicated above, then as to each production request, Charging Party should state the number of pages involved per that request.

The following Definitions and Instructions shall apply to each Request for Production of Documents, and you are required to consider these Definitions and Instructions as you respond to these Requests:

SCANNED

APR 2 0 2026

U.S. DISTRICT COURT MPLS

### DEFINITIONS

The following words have the following meanings:

1.      **"You," "Your," or "Respondent,"** shall mean and refer to the named Respondent herein, Olympic Steel Inc Corp Headquarters, and shall include any respective assignees, successors in interests, representatives, attorneys, agents, experts, investigators,

directors, executives, employees, independent contractors and/or any other entity or person which has ever acted, or purported to act, on behalf thereof in any of the matters covered by these Requests for Production of Documents.

2.      **"Charging Party,"** shall mean and refer to the named Charging Party herein, William Watkins.

3.      **"Document" or "Documents,"** shall mean any medium upon which information can be recorded or retrieved; and additionally shall have the same meaning as in Rule 26.02 and 34.01 of the mn, and includes without limitation, the originals and each and every non-identical copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, fax, telegram, cable, email, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control, or which was, but is no longer, in your possession, custody, or control.

4.      **"Thing,"** shall mean and refer to any tangible object other than a document and includes objects of every kind and nature, including but not limited to prototypes, models, specimens, computer disks and tapes, videotapes, and audiotapes.

5.      **"Person,"** shall mean and refer to the parties, herein, and any and all individuals, present and former officers, directors, general partners, limited partners, agents, servants, employees, attorneys, representatives, experts, and consultants, however denominated. The word "person," as well as the pronoun "he" and the noun "individual," includes all humans, male or female, living or dead.

6.      **"Entity,"** shall mean and refer to any artificial body or organization possessing some or all of the legal attributes of a natural person, including, without limitation, corporations, incorporated and unincorporated associations, general partnerships, limited partnerships, societies, boards, committees, agencies, commissions, joint ventures, governments,

governmental subdivisions, artificial persons, quasi-public bodies, and groups and all other forms of organization or association.

7.    **"Complaint,"** shall mean and refer to the Complaint, including any amendments thereto, filed in this action.

## INSTRUCTIONS

1.    Responses to Requests for Production of Documents and Documents Produced Pursuant thereto. You are required to respond to each Request separately and fully in writing with a copy of Your responses being served on counsel for Charging Party within the time set forth in Rule 26.02 and 34.01 of the Minnesota Rules of Civil Procedure. Further, You must identify any Document responsive to any Request as being responsive to the specific Request at issue. If the same Document is responsive to more than one Request, identify all requests to which it is responsive.

2.    Answers or Compliance. If any Requests for Production of Documents cannot be answered or complied with in full, it should be answered or complied with to the fullest extent possible and should include the specified reasons for the inability to answer or comply fully. If information concerning any Requests for Production of Documents, or Documents responsive to a Requests for Production of Documents, will become available in the future, please state when such information and Documents will be available. If any Requests for Production of Documents calls for any information or the production of any Document not in Your possession or subject to Your control, or ascertainable by You upon reasonable inquiry, then when known, identify the custodian or possessor of such information or Document. If You refuse to answer any Requests for Production of Documents in whole or in part, describe the factual or legal basis for Your refusal to answer, including any claim or privilege, in sufficient detail to permit the court to adjudicate the validity of Your refusal to answer.

3.      Relating To or Related To; Concern and Concerning. The terms, "relating to," "related to," "concern" and "concerning" are used in their broadest sense, and mean: of, about, concerning, detailing, disclosing, reporting, listing, explaining, compiling, noting, summarizing, exposing, regarding, respecting, involving, touching, implicating, bearing upon, having to do with, associated with, connected with or to, apposite to, referring to, related to, relating to or pertaining in any way to.

4.      Claims of Privilege. If a Requests for Production of Documents is denied on the ground of privilege, including work product, please include the following in your written response to this Requests for Production of Documents:

a. A description of the Document (i.e., "a two-page letter");

b. The date the Document was prepared;

c. The name of the person who prepared the Document;

d. A general description of the subject matter of the Document;

e. The name and address of each person to whom the Document is directed or addressed;

f. The name and address of each person shown on the Document as having received a copy;

g. The name and address of each person known or believed to have seen the Document or any copy or summary thereof;

h. The purpose for which the Document was created or transmitted;

i. The degree of confidentiality with which the Document was treated when it was created, transmitted and thereafter; and

j.   The privilege You assert and any other facts You deem relevant to the privilege You assert.

5.      Claims of Burdensomeness. If at any time you refuse to answer a Requests for Production of Documents, or to produce Documents, on grounds that the Requests for Production of Documents is burdensome, you are requested to state the reason the Request is considered burdensome, including the number and nature of Documents which must be searched, the location of the Documents, and the estimated man-hour and other costs necessary for such a search. If the Request can be complied with in a more limited fashion which avoids the claim of burdensomeness, please so indicate and so answer the Request, produce the Documents and explain in detail why answering the Request and producing the Documents pursuant to the Request in its present form are burdensome.

6.      If any Document relevant to any response to any Requests for Production of Documents has been in your possession or subject to your custody or control but is not at the present time or is known to you to have been in existence but is not at the present time, state what disposition was made of it or what became of it and when.

7.      You are required to furnish all Documents in Your possession and all Documents available to You; not only such Documents as You know of Your own personal knowledge, but also Documents that are available to You, Your attorney, Your employees, officers and agents, by reason of inquiry, including inquiry of their representatives.

8.      If You elect to produce business records in response to any Requests for Production of Documents, please produce the Documents as they are kept in the usual course of business or organize and label the Documents to correspond with the response to which they are produced. You are also requested to admit the genuineness of each such Document.

9.      Electronically Stored Information and Native Format. Native format means the files as created and maintained by the applications associated with them. Emails should be produced as .eml or .msg files, Word documents as .doc or .docx files, etc. For all Documents, produce a txt file with the text extracted from the native files or created by Optical Character Recognition (OCR) of hard copies. Embedded Documents should also be produced separately. The methodology for calculating hash values on emails, if the hash values are not being calculated on the emails as separate .eml or .msg files, should also be specified. A Concordance load file for native files should include the following fields: Beginning Bates; Ending Bates; Begin Attachment; End Attachment; Parent Bates; Attachment Bates; From; To; CC; BCC; Subject; Sent Date; Sent Time; File Name; Document Title; Author; File Ext.; File Size; Create Date; Create Time; Date last Modified; Time Last Modified; File path for e-documents which are not email attachments; Custodian for all Documents; MD5 (or SHA1) hash value for all Documents; For emails and attachments, the custodian's file folder; For emails, any flags or other notations recorded by the native environment; For emails, attachment count and attachment names; Path to extracted text; Path to native file in production; For emails, MSGID; Application associated with the Document; Document type: e-Document, e-attachment, email or physical.

10.     Additionally, for all native documents, we require a .txt file with the text extracted from the native files or created by OCR of hard copies. Embedded documents should also be produced separately. The methodology for calculating hash values on emails, if the hash values are not being calculated on the emails as separate .eml or .msg files, should also be specified.

11.     And, Or. Use of the conjunctive (and), also shall be taken in the disjunctive (or), and vice versa.

12.     Any, All. Use of the term "any" also shall mean "all" and vice versa.

13.    Each, Every.** Use of the term "each" also shall mean "every" and vice versa.

14.    Supplementation. These Requests for Production of Documents are intended to and shall be deemed to be continuing in nature, pursuant to Rule 26.02 and 34.01 of the Minnesota Rules of Civil Procedure, so as to require you to supplement any response, or Document production with respect to which you discover or acquire new, additional, or different information or Documents.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Charging Party William Watkins requests that You produce for inspection and copying the following documents within thirty (30) days from the date of service of these requests, pursuant to Minnesota Rules of Civil Procedure 26.02 and 34.01:

**REQUEST NO. 1:** Produce all documents concerning complaints of racial harassment, discrimination, or use of racial slurs made by any employee at Your facility from 2014 to July 12, 2022, including but not limited to all documents concerning Your investigation of any complaints of racial harassment or discrimination involving William Watkins, all documents concerning Your response to complaints of racial harassment, including any disciplinary actions taken against employees for using racial slurs or engaging in discriminatory conduct from 2014 to July 12, 2022.

**REQUEST NO. 2:** Produce all policies, procedures, handbooks, or guidelines in effect from 2014 to July 12, 2022, concerning harassment, discrimination, equal employment opportunity, or workplace conduct, including but not limited to all documents concerning training provided to supervisors or employees regarding harassment, discrimination, or equal employment opportunity from 2014 to July 12, 2022.

**REQUEST NO. 3:** Produce all documents concerning William Watkins's disability, medical restrictions, or requests for accommodation, including all communications between You and William Watkins or his medical providers, including but not limited to all documents concerning Your response to William Watkins's requests for accommodation, including any approvals, denials, or modifications of requested accommodations, along with all documents concerning William Watkins's job performance, including performance evaluations, disciplinary records, warnings, commendations, or supervisor notes from the date of his hire through July 12, 2022.

**REQUEST NO. 4:** Produce the job description for the crane operator position held by William Watkins, and all work assignment records, schedules, or logs showing the work locations and duties assigned to William Watkins from November 2019 to July 12, 2022.

**REQUEST NO. 5:** Produce all documents concerning Your policies or procedures for assigning employees to work locations or duties based on medical restrictions or accommodations.

**REQUEST NO. 6:** Produce all documents concerning the termination of William Watkins's employment, including the decision to terminate, reasons for termination, and any communications regarding his termination.

**REQUEST NO. 7:** Produce all documents concerning Your insubordination policy or policies regarding employee conduct, discipline, or termination in effect from 2014 to July 12, 2022, including but not limited to all disciplinary records for employees who engaged in insubordinate conduct or violated workplace conduct policies from 2014 to July 12, 2022, including the nature of the conduct, the discipline imposed, and the race of each employee, all documents concerning employees who were terminated for insubordination or violation of workplace conduct policies from 2014 to July 12, 2022, including the reasons for termination and the race of each employee.

**REQUEST NO. 8:** Produce all witness statements, affidavits, or declarations obtained by You concerning the allegations made by William Watkins.

**REQUEST NO. 9:** Produce all documents concerning statements made by employees regarding the use of racial slurs or discriminatory conduct in the workplace from 2014 to July 12, 2022.

**REQUEST NO. 10:** Produce all communications between supervisors and managers concerning William Watkins, his work performance, work assignments, or conduct.

**REQUEST NO. 11:** Produce all documents concerning tasks assigned to William Watkins that were outside his regular job duties as a crane operator.

**REQUEST NO. 12:** Produce all documents concerning Your accommodation of disabilities for any employee from 2014 to July 12, 2022, including requests for accommodation, approvals, denials, and implementation of accommodations.

**REQUEST NO. 13:** Produce all documents concerning the demographic composition of Your workforce, including the race of employees in each job classification from 2014 to July 12, 2022.

**REQUEST NO. 14:** Produce all documents concerning equal employment opportunity reports, affirmative action plans, or diversity initiatives from 2014 to July 12, 2022.

**REQUEST NO. 15:** Produce all electronically stored information, including emails, text messages, instant messages, or other electronic communications, between supervisors or managers concerning William Watkins.

**REQUEST NO. 16:** Produce all electronically stored information, including emails, text messages, instant messages, or other electronic communications, concerning complaints of harassment or discrimination from 2014 to July 12, 2022.

**REQUEST NO. 17:** Produce all insurance policies under which an insurance carrier may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including liability insurance, employment practices liability insurance, or directors and officers insurance.

## INSTRUCTIONS AND DEFINITIONS:

The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in these requests.

If You withhold any document based on a claim of privilege, provide a privilege log identifying each document withheld, the basis for the privilege claim, and sufficient information to assess the claim.

Electronically stored information shall be produced in a reasonably usable form, and You shall specify the form of production.

These requests are continuing in nature. If You obtain additional responsive documents after Your initial response, You shall promptly supplement Your response.

April __, 2026

By: _____

       William Watkins